IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CV-80619-WPD

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

STRATEGIC STUDENT SOLUTIONS LLC, a limited liability company, STRATEGIC CREDIT SOLUTIONS LLC, a limited liability company, STRATEGIC DEBT SOLUTIONS LLC, a limited liability company, STRATEGIC DOC PREP SOLUTIONS LLC, a limited liability company, STUDENT RELIEF CENTER LLC, a limited liability company, CREDIT RELIEF CENTER LLC, a limited liability company, and,

DAVE GREEN, individually and as an officer of STRATEGIC STUDENT SOLUTIONS LLC, STRATEGIC CREDIT SOLUTIONS LLC, STRATEGIC DEBT SOLUTIONS LLC, STRATEGIC DOC PREP SOLUTIONS LLC, STUDENT RELIEF CENTER LLC, and CREDIT RELIEF CENTER LLC,

Defendants, and

DG INVESTMENT PROPERTIES LLC,

Relief Defendant.
______________________________________________/

**DEFENDANTS' AND RELIEF DEFENDANT'S ANSWER,**
**DEFENSE, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Strategic Student Solutions, LLC, Strategic Credit Solutions, LLC, Strategic Debt Solutions, LLC, Strategic Doc Prep Solutions, LLC, Student Relief Center, LLC, Credit Relief Center, LLC (collectively, "Corporate Defendants"), and Defendant Dave Green ("Green"), individually and as an officer of the Corporate Defendants, by and through

undersigned counsel, hereby file their Answer, Defense, and Affirmative Defenses to the Complaint filed by Plaintiff Federal Trade Commission, and state as follows[1]:

1. Defendants admit that Plaintiff purports to bring this action to seek relief under the Federal Trade Commission Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act, and the Credit Repair Organizations Act.

**ANSWER**

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

**PLAINTIFF**

4. With regard to the allegations contained in Paragraph 4 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

5. With regard to the allegations contained in Paragraph 5 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.

[1] DG Investment Properties LLC has been named solely as a Relief Defendant. To the extent any response is required, DG Investment Properties LLC, which is also represented by the undersigned, denies each and every allegation, matter, statement and thing contained in the Complaint against it and denies Plaintiff is entitled to any of the relief against it that Plaintiff seeks.

Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

**DEFENDANTS**

6. Defendants admit that Strategic Student Solutions LLC is a limited liability company organized under the laws of the State of Florida and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Strategic Credit Solutions LLC is a limited liability company organized under the laws of the State of Florida and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that Strategic Debt Solutions LLC is a limited liability company organized under the laws of the State of Florida and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Strategic Doc Prep Solutions LLC is a limited liability company organized under the laws of the State of Florida and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Student Relief Center LLC is a limited liability company organized under the laws of the State of Wyoming and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Credit Relief Center LLC is a limited liability company organized under the laws of the State of Wyoming and has a principal address of 7260 W. Azure Drive, Suite 140-212, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 10 of the Complaint.

12. Defendants admit that Dave Green is the President and sole manager of Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, and DF Investment Properties LLC. Defendants further admit that Dave Green resides and transacted business in this district. Defendants deny the remainder of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that DG Investment Properties LLC is a limited liability company organized under the laws of the State of Florida and has a principal address of 7260 W. Azure Drive #140, #2027, Las Vegas, Nevada 89130, and deny the remainder of the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

**COMMERCE**

15. Paragraph 15 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

**DEFENDANTS' DECEPTIVE STUDENT LOAN DEBT RELIEF AND CREDIT REPAIR OPERATION**

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

**Background on Student Loan Forgiveness and Repayment Programs**

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

**Defendants' Deceptive Marketing of Student Loan Debt Relief Services**

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**Defendants' False Promises to Provide Credit Repair**

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**Defendants' Additional Unlawful Practices Once Consumers Sign Up for Services**

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## THE FTC ACT

45. With regard to the allegations contained in Paragraph 45 of the Complaint, Section 5(a) of the FTC Act speaks for itself, and Defendants respectfully refer the Court to Section 5(a) of the FTC Act for a complete and accurate statement of its contents.

46. With regard to the allegations contained in Paragraph 46 of the Complaint, Section 5(a) of the FTC Act speaks for itself, and Defendants respectfully refer the Court to Section 5(a) of the FTC Act for a complete and accurate statement of its contents.

## VIOLATIONS OF THE FTC ACT

### Count I
### Deceptive Debt Relief Representations

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**Count II**
**Deceptive Credit Repair Representations**

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

**THE TELEMARKETING SALES RULE**

53. With regard to the allegations contained in Paragraph 53 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions and their legislative history for a complete and accurate statement of their contents.

54. With regard to the allegations contained in Paragraph 54 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

55. With regard to the allegations contained in Paragraph 55 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

56. With regard to the allegations contained in Paragraph 56 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

57. With regard to the allegations contained in Paragraph 57 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

58. With regard to the allegations contained in Paragraph 58 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

### Count III
### Advance Fee for Debt Relief Services

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

### Count IV
### Misrepresentations

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## THE CREDIT REPAIR ORGANIZATIONS ACT

63. With regard to the allegations contained in Paragraph 63 of the Complaint, the Credit Repair Organizations Act speaks for itself, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the Credit Repair Organizations Act for a complete and accurate statement of its contents.

64. Paragraph 64 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. With regard to the allegations contained in Paragraph 65 of the Complaint, the Credit Repair Organizations Act speaks for itself, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the Credit Repair Organizations Act and its legislative history for a complete and accurate statement of their contents.

66. With regard to the allegations contained in Paragraph 66 of the Complaint, the Credit Repair Organizations Act speaks for itself, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the Credit Repair Organizations Act for a complete and accurate statement of its contents.

67. With regard to the allegations contained in Paragraph 67 of the Complaint, the Credit Repair Organizations Act speaks for itself, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the Credit Repair Organizations Act for a complete and accurate statement of its contents.

68. With regard to the allegations contained in Paragraph 68 of the Complaint, the Credit Repair Organizations Act speaks for itself, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the Credit Repair Organizations Act for a complete and accurate statement of its contents.

## VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

### Count V
### Misleading Representations about Credit Repair Services

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**Count VI**
**Advance Fee for Credit Repair Services**

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

**Count VII**
**Relief Defendant**

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

## CONSUMER INJURY

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

77. With regard to the allegations contained in Paragraph 77 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

78. With regard to the allegations contained in Paragraph 78 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## PRAYER FOR RELIEF

79. Defendants deny that Plaintiff is entitled to any relief, and demand entry of judgment in their favor.

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

Defendants Strategic Student Solutions, LLC, Strategic Credit Solutions, LLC, Strategic Debt Solutions, LLC, Strategic Doc Prep Solutions, LLC, Student Relief Center, LLC, Credit Relief Center, LLC, and Dave Green assert the following defense and affirmative defenses in accordance with Rule 8 and 12 of the Federal Rules of Civil Procedure:

### Defense

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants assert that Plaintiff's Complaint fails to state a plausible claim for relief against it under all theories asserted therein.

### First Affirmative Defense

Without admitting that any violation of any law, some or all of the allegedly violative statements alleged in the Complaint, if such statements were made, were not false or misleading statements of material fact, but were good faith sales practices.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45(a). The Plaintiff has failed to demonstrate that any material representations of any Defendants were likely to mislead customers acting reasonably under the circumstances pursuant to Section 5.

### Third Affirmative Defense

Any injury or harm to any individual consumer or to the public in general alleged by the Plaintiff in the Complaint was caused by acts or omissions of a third-party over which this Defendants had no authority or control.

**Fourth Affirmative Defense**

The Plaintiff's claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

**Fifth Affirmative Defense**

Without admitting any violations occurred, any alleged violations by Defendants, if any such violations occurred on its behalf, did not rise to the level of demonstrating the likelihood of repetition required to support injunctive relief against Defendants.

**Sixth Affirmative Defense**

To the extent Plaintiff seeks equitable relief, the balance of equities tips in favor of Defendants, as imposition of such relief would cause undue hardship to Defendants.

**WHEREFORE**, Defendants Strategic Student Solutions, LLC, Strategic Credit Solutions, LLC, Strategic Debt Solutions, LLC, Strategic Doc Prep Solutions, LLC, Student Relief Center, LLC, Credit Relief Center, LLC, and Dave Green respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss this action with prejudice, award Defendants its reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: June 7, 2017

GREENSPOON MARDER, P.A.

/s/ *Jeffrey A. Backman*
RICHARD W. EPSTEIN
Florida Bar No. 229091
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
Greenspoon Marder, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120; Fax: (954) 213-0140

*Attorneys for Defendants Strategic Student Solutions, LLC, Strategic Credit Solutions, LLC, Strategic Debt Solutions, LLC, Strategic Doc Prep Solutions, LLC, Student Relief Center, LLC, Credit Relief Center, LLC, and Dave Green and Relief Defendant DG Investment Properties LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service on this 7th day of June, 2017 which will provide copies to all counsel of record identified in the below:

Miya Tandon
Adam Wesolowski
Nikhil Singhvi
Federal Trade Commission
600 Pennsylvania Ave. NW, Mailstop: CC-10232
Washington, DC 20580
(202)326-2351(Tandon)
(202)326-3068 (Wesolowski)
(202)326-3480 (Singhvi)
mtandon@ftc.gov
awesolowski@ftc.gov
nsinghvi@ftc.gov

/s/*Jeffrey A. Backman*
Jeffrey A. Backman