UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80619-CIV-DIMITROULEAS/Snow

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

STRATEGIC STUDENT LOAN SOLUTIONS LLC,
a limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a '
limited liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER LLC,
a limited liability company, DAVE GREEN, individually,
and as an officer of Strategic Student Solutions LLC,
Strategic Credit Solutions LLC, Strategic Debt Solutions
LLC, Strategic Doc Prep Solutions LLC, Student Relief
Center LLC, and Credit Relief Center LLC, and DG
INVESTMENT PROPERTIES, LLC,

    Defendants.
_____/

## **ORDER**

    THIS CAUSE is before the Court on Greenspoon Marder and attorneys Richard W. Epstein and Jeffrey A. Backman's Motion to Withdraw as Counsel (ECF No. 49) for Defendants which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration and a hearing was held before the undersigned on July 20, 2017. This Order memorializes the Court's ruling from the bench.

    This is an action for permanent injunction and other equitable relief in connection with Defendants' alleged deceptive marketing and sale of student loan debt relief and credit repair services. The Plaintiff obtained a temporary restraining order on May 15, 2017 (ECF No. 10) and the parties stipulated to entry of a preliminary injunction on May 26, 2017. (ECF No. 42)

On June 27, 2017, citing irreconcilable differences, the law firm of Greenspoon Marder (Greenspoon) filed the instant motion to withdraw as counsel for Defendants. At the hearing, Greenspoon attorneys stated that the basis of their motion to withdraw was the Defendants' failure to pay their retainer. According to Greenspoon, no prejudice will result if it is permitted to withdraw because the case has only been pending a short time.

The individual Defendant, Dave Green, opposes permitting counsel to withdraw[1]. According to Mr. Green, with the help of family members, he has paid a $25,000.00 deposit, but has been unable to raise the remainder of Greenspoon's retainer.[2] Mr. Green requests that his attorneys be required to remain until such time as he can pay their fee.

The FTC and the Receiver each filed limited objections to Greenspoon's motion. Both object to a stay of the case, citing prejudice to the victims, and to the efforts of the Receiver to administer the requirements of the Preliminary Injunction. They also suggest that withdrawal should not be permitted until the Defendants have fully complied with the financial disclosure requirements of the Temporary Restraining Order and Preliminary Injunction.

The parties agree that Defendants have supplemented their financial disclosures since the instant motion was filed. However, they also agree that the disclosures still are incomplete. After hearing the argument of counsel the Court agrees with the FTC and the Receiver, that a stay would cause prejudice to the victims in this case. The Court also agrees that Defendants' counsel are likely necessary to provide encouragement to Defendants to complete their financial disclosures as required by the TRO and Preliminary Injunction. For the foregoing reasons, it is hereby

---

[1] Mr. Green did not attend the hearing on the motion.

[2] According to Greenspoon, its retainer agreement required Defendants to pay a $50,000.00 retainer in two installments. Pursuant to the agreement, if the second installment was not paid, Greenspoon Marder would move to withdraw.

ORDERED AND ADJUDGED that Greenspoon Marder and attorneys Richard W. Epstein and Jeffrey A. Backman's Motion to Withdraw as Counsel for Defendants (ECF No. 49) is GRANTED, in part as follows:

1. Counsel may withdraw from the representation of Dave Green upon notification by the FTC and the Receiver that the Defendants' financial disclosures are complete; and

2. Counsel may withdraw from the representation of the corporate defendants upon notice that they have retained new counsel[3]. If the corporate defendants have not retained new counsel within 30 days of this Order, Counsel may renew their request to withdraw.

DONE AND ORDERED at Fort Lauderdale, Florida, this 21st day of July, 2017.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties

---

[3] The corporate entities may not proceed *pro se* in federal court. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("the long standing and consistent court interpretation of § 1654 is that [corporations] must be represented by licensed counsel")(quoting Turner v. American Bar Ass'n, 407 F. Supp. 451, 476 (N.D. Ind. 1975), aff'd sub nom., Taylor v. Montgomery, 539 F.2d 715 (7th Cir. 1976), cert. denied, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986)).