UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80619-CIV-DIMITROULEAS/SNOW

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

STRATEGIC STUDENT SOLUTIONS LLC, a
limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a limited
liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER
LLC, a limited liability company, and
DAVE GREEN, individually and as an officer of
STRATEGIC STUDENT SOLUTIONS LLC,
STRATEGIC CREDIT SOLUTIONS, LLC,
STRATEGIC DEBT SOLUTIONS, LLC,
STRATEGIC DOC PREP SOLUTIONS LLC,
STUDENT RELIEF CENTER LLC, and CREDIT
RELIEF CENTER LLC, and DG INVESTMENT
PROPERTIES LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Receiver's First Report To Court and First Application for Receiver's Fees and Attorneys Fees Through July 21, 2017 (ECF No. 66), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation on the application for fees. The Motion is fully briefed and ripe for consideration.

This is a consumer protection action brought by the Federal Trade Commission (FTC) against Defendant Dave Green and corporate entities in which he was involved based on allegations of fraud. On May 15, 2017, this Court entered its *Ex Parte* Temporary Restraining Order With Asset Freeze, Appointment of a Temporary Receiver, And Other Equitable Relief, And Order To Show

Cause Why A Preliminary Injunction Should Not Issue (ECF No. 10)  In that Order, the Court appointed Charles H. Lichtman as temporary receiver of the Corporate Defendants, and directed him to: assume full control of the Corporate Defendants; take exclusive custody, control and possession of assets and documents of the Corporate Defendants and preserve same; employ attorneys, accountants, appraisers and other independent contractors and technical specialists; make necessary payments; secure the locations where the Corporate Defendants operate; preserve websites operated by the Corporate Defendants; enter into contracts and purchase insurance as necessary; protect the interests of consumers who transacted business with the Corporate Defendants, and take on other related tasks, including the filing of reports with the Court. Id. at 16-20.

The Court scheduled a hearing on the issue of whether a preliminary injunction should be entered for May 26, 2017.  On that date, the parties stipulated to the entry of a preliminary injunction.  Defendant Green has agreed to grant a first lien position to the receivership estate in his alleged homestead and to stipulate that more than twenty residential properties purchased with corporate money would come under the control of the Receiver.  Approximately $2.1 million in funds have been frozen and some of these funds have been placed in the control of the Receiver.

The Receiver now seeks interim fees in the total amount of $166,188.50 for himself and attorneys from the Berger Singerman law firm who were engaged by the Receiver to assist in accomplishing the tasks enumerated in the TRO and the preliminary injunction. This total represents a total of 459.2 hours of work, broken down as follows: 83.4 hours performed by the Receiver at the rate of $495.00 per hour (discounted from his usual rate of $695.00 per hour); 105.5 hours by Gavin Gaukroger (partner) at the hourly rate of $435.00; 4.2 hours by Andrew Hinkes (partner) at the hourly rate of $435.00; 38.7 hours by Isaac Marchushamer (partner) at the rate of $495.00 per hour; 10.7 hours by Alejandro Miyar (associate) at the rate of $330.00 per hour; 1.8 hours by Jeffery Wertman (partner) at the rate of $535.00 per hour; 11.2 hours by P.B. Zuckerman (partner) at the rate of $575.00 per hour, and 203.7 hours by a paralegal at the rate of $235.00 per hour.  Of these, partners Hinkes, Wertman and Zuckerman participated only on the date of immediate access to the

Defendants' three offices, when it was necessary to sufficiently staff each location with lawyers to assure that everything went smoothly.

In his Report, the Receiver describes in detail the tasks he and the attorneys performed, a large percentage of which was in preparation for the preliminary inunction hearing which was scheduled to take place eleven days after his appointment. The Receiver also has filed, under seal, detailed billing statements corresponding to the work performed by him and by the Berger Singerman attorneys. (ECF No. 68) The FTC has no objection to the fee application, but the Defendants object primarily on the ground that they are precluded from scrutinizing the billing statements. They also contend that Berger Singerman's partners should reduce their hourly rates to below $500.00. The Receiver replies that no attorney who performed work after the one day of immediate access bills at an hourly rate higher than $500.00.

After a review of the billing statements filed under seal, together with the Receiver's summary of the prodigious amount of work performed, the undersigned finds that the hourly rates charged are reasonable and the hours expended were necessary to achieve the results outlined in the Receiver's Report.

## **CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Receiver's First Application for Receiver's Fees and Attorneys Fees Through July 21, 2017 (ECF No. 66) be GRANTED, and that fees in the amount of $166,188.50 be awarded to the Receiver and attorneys.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

    DONE AND SUBMITTED at Fort Lauderdale, Florida, this 24th day of August, 2017.

                      /s/ Lurana S. Snow
                      LURANA S. SNOW
                      UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record

All Counsel of Record