IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CV-80619-WPD

FEDERAL TRADE COMMISSION,

        Plaintiff,

  v.

STRATEGIC STUDENT SOLUTIONS LLC, a
limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a limited
liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER
LLC, a limited liability company, and,

DAVE GREEN, individually and as an officer of
STRATEGIC STUDENT SOLUTIONS LLC,
STRATEGIC CREDIT SOLUTIONS LLC,
STRATEGIC DEBT SOLUTIONS LLC,
STRATEGIC DOC PREP SOLUTIONS LLC,
STUDENT RELIEF CENTER LLC, and
CREDIT RELIEF CENTER LLC,

        Defendants, and

DG INVESTMENT PROPERTIES LLC,

        Relief Defendant.
_____/

**RENEWED MOTION TO WITHDRAW AS COUNSEL AND
MOTION FOR PAYMENT FROM RECEIVERSHIP ESTATE**

The law firm of Greenspoon Marder, P.A. and Attorneys Richard W. Epstein and Jeffrey A. Backman (collectively, "Greenspoon"), renew their motion to withdraw as counsel of record for Defendants Strategic Student Solutions, LLC, Strategic Credit Solutions, LLC, Strategic Debt Solutions, LLC, Strategic Doc Prep Solutions, LLC, Student Relief Center, LLC, Credit Relief Center, LLC and Dave Green, and Relief Defendant DG Investment Properties LLC (collectively "Defendants"), and also move for payment of Greenspoon's fees and costs from the receivership estate from July 21, 2017 until the end of its representation in this matter going forward on an ongoing basis, and as grounds therefore state as follows:

1. On June 27, 2017, the undersigned filed a motion to withdraw as counsel for Defendants, based on irreconcilable differences that arose between Defendants and Greenspoon that make it impossible for Greenspoon to continue to represent Defendants' interests in this matter.

2. Both the Receiver and the FTC opposed the motion to withdraw on the grounds that counsel should not be allowed to withdraw before "a full and complete set of financial statements for <u>ALL</u> the Defendants" is submitted, and argued that Greenspoon's continued representation of Defendants likely was necessary to achieve that goal. (Dkt. No. 57 at 3-4, Dkt. No. 59 at 4-5).

3. A hearing was held on that motion on July 20, 2017, wherein the Court concluded, based on the arguments of the Receiver and the FTC, that "Defendants' counsel are likely

necessary to provide encouragement to Defendants to complete their financial disclosures as required by the TRO and Preliminary Injunction." (Dkt. No. 64 at 2).

4. The Court granted the motion to withdraw in part, ruling that counsel may withdraw "upon notification by the FTC and the Receiver that the Defendants' financial disclosures are complete," and that counsel may withdraw upon notification that the corporate Defendants have retained new counsel, although if they "have not retained new counsel within 30 days of this Order, Counsel may renew their request to withdraw." (*Id.* at 3).

5. Counsel was in effect conscripted by the Receiver and the FTC to perform work for the benefit of the receivership, that is, to obtain completed financial disclosures.

6. Because Greenspoon was not permitted to withdraw based on the Receiver's and the FTC's argument that counsel's services are necessary for the receivership estate, Greenspoon should be compensated by the receivership estate for such services under longstanding equity principles. "Such fee-shifting is based on the common benefit theory, the equitable principle which requires that those who directly benefit by litigation must reimburse the successful plaintiff's costs or stand unjustly enriched." *Erkins v. Bryan*, 785 F.2d 1538, 1548 (11th Cir. 1986). *Cf. Webster v. Sweat*, 65 F.2d 109, 110 (5th Cir. 1933) ("[T]he District Judge had the right in the exercise of a sound discretion to see to it that the receiver did not get the benefit of the attorney's services without paying for them in full.").

7. The Eleventh Circuit based that equitable principle on the Supreme Court's decision in *Sprague v. Ticonic National Bank*, 307 U.S. 161, 165-66 (1939), which found that an

*Renewed Motion to Withdraw as Counsel*
*Case No. 17-CV-80619-WPD*
*Page 3*

attorney who obtained a judgment for his client that established a right to recovery for fourteen other trusts against the same defendant could be entitled to payment of attorneys' fees from the funds owed to the other trusts. The Supreme Court explained that the courts' historic equity powers allow the court to award counsel fees and other expenses for litigation efforts aimed at obtaining a fund for a group even where the attorney "did not profess to be their representative." *Id.* at 166.

8.  While the proposition that "those who benefit from the attorney's services should pay for them" was first based on the "equitable or common fund doctrine," "[m]ore recent decisions, expanding on the concept of unjust enrichment, have held that under appropriate circumstances an attorney may have a right to compensation from the beneficiaries of his labors even though his efforts have not been directed toward the creation or preservation of a fund." *Van Gemert v. Boeing Co.*, 573 F.2d 733, 735 (2d Cir.), *on reh'g*, 590 F.2d 433 (2d Cir. 1978), *aff'd*, 444 U.S. 472 (1980). As noted, the Eleventh Circuit advanced the same view in pronouncing that payment of attorney's fees under similar circumstances is appropriate to avoid beneficiaries from "stand[ing] unjustly enriched." *Erkins*, 785 F.2d at 1548.

9.  Since the Court's ruling, counsel has made repeated efforts to have Mr. Green complete the financial disclosures, without any success. Nor have any of the Defendants retained new counsel.

10. It would be inequitable for Greenspoon to be forced to continue to represent Defendants for the benefit of the receivership estate when the irreconcilable differences that are

the basis of the withdrawal motion persist. If counsel's services are so necessary for the receivership estate, then it is only fair that counsel be compensated from the receivership estate, to avoid an unjust enrichment, especially when the Receiver himself is seeking rather significant fees for just the beginning of his and his colleagues' own services in this case.

11.  Additionally, and not unrelatedly, the irreconcilable differences between counsel and Defendants (via Mr. Green) appear to have heightened since the Court's ruling, and it appears Mr. Green has misunderstood the import of the Court's ruling.

12.  For example, Mr. Green recently requested that Greenspoon prepare work product for him in a separate proceeding in which it has never represented and does not represent him or any of the Corporate Defendants.

13.  Moreover, the Receiver has recently leveled accusations of criminal conduct by Mr. Green, which potentially changes the nature of Greenspoon's representation.

14.  Accordingly, Greenspoon renews its request that the Court

   (A)  Grant Defendants thirty (30) days to retain new counsel; and

   (B)  Stay these proceedings during the thirty (30) day period.

15.  Greenspoon also requests that the Court authorize payment of Greenspoon's fees and costs from the receivership estate from July 21, 2017 until the end of its representation in this matter going forward on an ongoing basis.

*Renewed Motion to Withdraw as Counsel*
*Case No. 17-CV-80619-WPD*
*Page 5*

16. Greenspoon also requests that all further pleadings and correspondence be forwarded to Mr. Dave Green at the following address: 8142 Banpo Bridge Way, Delray Beach, FL 33446.

17. Greenspoon certifies that this motion is not filed for purposes of delay.

WHEREFORE, the law firm of Greenspoon Marder, P.A. and Attorneys Richard W. Epstein and Jeffrey A. Backman, request that this Court enter an Order allowing them to withdraw as counsel for Defendants, granting Defendants thirty (30) days to retain new counsel, and staying the proceedings during the thirty (30) day period, authorizing payment of Greenspoon's fees and costs from the receivership estate from July 21, 2017 until the end of its representation in this matter going forward on an ongoing basis, and any further relief the Court deems just and appropriate.

Dated: August 28, 2017     GREENSPOON MARDER, P.A.

/s/ *Jeffrey A. Backman*
RICHARD W. EPSTEIN
Florida Bar No. 229091
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
Greenspoon Marder, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120; Fax: (954) 213-0140

*Renewed Motion to Withdraw as Counsel*
*Case No. 17-CV-80619-WPD*
*Page 6*

## LOCAL RULE 7.1 (a)(3) CERTIFICATION

Counsel for Greenspoon Marder e-mailed counsel for the FTC and counsel for the Receiver on August 28, 2017 to determine their position with respect to the relief requested herein. Counsel for the FTC stated that it maintains the same position as to withdrawal, and opposes the requested payment of attorneys' fees and costs. As of this writing counsel for the Receiver has not responded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service, which will provide copies to all counsel of record, and served upon Dave Green by e-mail and by certified mail at 8142 Banpo Bridge Way, Delray Beach, FL 33446.

                                                /s/*Jeffrey A. Backman*
                                                Jeffrey A. Backman