UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-80619-WPD

FEDERAL TRADE COMMISSION,

 Plaintiff,

v.

STRATEGIC STUDENT SOLUTIONS LLC, a
limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a limited
liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER
LLC, a limited liability company, and
DAVE GREEN, individually and as an officer of
STRATEGIC STUDENT SOLUTIONS LLC,
STRATEGIC CREDIT SOLUTIONS LLC,
STRATEGIC DEBT SOLUTIONS LLC,
STRATEGIC DOC PREP SOLUTIONS LLC,
STUDENT RELIEF CENTER LLC, and CREDIT
RELIEF CENTER LLC,

 Defendants, and

DG INVESTMENT PROPERTIES LLC,

 Relief Defendant.
_____/

**RECEIVER'S JOINDER WITH FTC ON OBJECTION TO
<u>GREENSPOON MARDER MOTION TO WITHDRAW</u>**

 Charles H. Lichtman, this Court's Receiver ("Receiver"), through his undersigned counsel, files this Joinder as to the Federal Trade Commission's ("FTC") Objection to Greenspoon Marder's Motion to Withdraw, and states:

 1. Having reviewed Greenspoon Marder's ("GM") *Reply in Further Support of its Renewed Motion to Withdraw as Counsel and Motion for Payment From Receivership Estate*

1

[ECF No. 82], the Receiver does not wish his silence on GM's motion to withdraw to be deemed an acquiescence to their position.  On the contrary, the Receiver wholly joins in the FTC's position.

2. Additionally, the Receiver affirmatively elects to address innuendo and misinformation stated by GM as part of its argument. For instance, paragraph 5 of GM's reply seems to acknowledge that despite <u>their</u> effort to obtain the long outstanding financial disclosure that was to have provided by Mr. Green to the FTC, that GM has been unable to do so. The Receiver finds this statement noteworthy, because he too has been unable to get the information from Mr. Green, although that is a discussion for another motion. However, GM's innuendo as stated in paragraph 5 that all assets and financial information in the corporate defendant's possession is now in the custody of the Receiver is just wrong.  To be sure, the Receiver does not believe he has been provided all of the: (a) corporate documents, (b) real estate and operational documents respecting the residential properties that have been turned over to the Receiver, (c) financial records, including banking documents, (d) personal financial documents of Mr. Green and (e) federal corporate and personal tax returns for any year.  These type documents were largely NOT maintained at the corporate office.

3. What the Receiver has obtained is almost every document that was in the receivership defendants' principal place of business in Boca Raton where the "immediate access" provisions of this Court's TRO was effected.  Particularly noteworthy, however, is that there were two separate break-ins to the receivership premises, post-TRO.  The only items believed to have been taken the first time was files, and in the second break-in, only files and certain personal belongings in Mr. Green's office were removed. The Receiver personally investigated this matter with the building management who advised that in the previous 4 years there were no

break-ins anywhere in the two tower office building.  So, it is more than curious that once this receivership was instituted, the leasehold space once occupied by Mr. Green and his companies was broken into twice, and mostly, documents were removed.  Given this, the Receiver has now moved every document to a different location.  In sum, the Receiver has always strongly believed that Mr. Green continues to have possession, custody or control over significant number of important financial documents.

4. The Receiver also states that GM's position in paragraph 6 about the Receiver speaking for Mr. Green with respect to his prior accountant is total malarkey. It is commonly known a receiver steps into the shoes of the corporate defendant who is now subject to the receivership.  In that vein, and consistent with the above statements in trying to obtain financial information, the Receiver contacted Mr. Green's accountant to get all corporate books and records in his possession related to the receivership entities, so the Receiver's investigation could continue.  The accountant refused to turn over the books and records and then finally did so, only after being threatened with having to go to Court to force their production by a motion to compel.

**WHEREFORE**, this Court's Receiver, Charles Lichtman, joins with the FTC in all respects related to their objection to the GM motion to withdraw as counsel and for all  such other relief as the Court deems just and appropriate.

BERGER SINGERMAN LLP
Counsel for Charles H. Lichtman, Receiver
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 333014
Telephone: (954) 525-9900

By:/s/ Isaac Marcushamer_____
Gavin C. Gaukroger, Esq.
Florida Bar No. 0076489

ggaukroger@bergersingerman.com  
Isaac Marcushamer, Esq.  
Florida Bar No. 60373  
imarcushamer@bergersingerman.com  
drt@bergersingerman.com  

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on the attached service list this 18th day of September, 2017.

By: */s/ Gavin C. Gaukroger*_____
    Gavin Gaukroger, Esq.

## SERVICE LIST

Miya Tandon, Esq.
mtandon@ftc.gov
Adam M. Wesolowski, Esq.
awesolowski@ftc.gov
Nikhil Singhvi, Esq.
nsinghvi@ftc.gov
**FEDERAL TRADE COMMISSION**
600 Pennsylvania Ave., NW, CC-10232
Washington, DC 20580
(202) 326-2351 (Tandon)
(202) 326-3068 (Wesolowski)
(202) 326-3480 (Singhvi)

Jeffrey A. Backman, Esq.
Jeffrey.backman@gmlaw.com
Richard W. Epstein, Esq.
Richard.epstein@gmlaw.com
**GREENSPOON MARDER, P.A.**
200 E. Broward Blvd.
Suite 1500
Ft. Lauderdale, FL 33301
Tel: (954) 491-1120
Facsimile: (954) 343-6958

8098039-1