## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-CV-80619-WPD

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

STRATEGIC STUDENT SOLUTIONS LLC, *et al.*,

    Defendants, and

DG INVESTMENT PROPERTIES LLC,

    Relief Defendant.

### STIPULATED ORDER FOR PERMANENT INJUNCTION
### AND MONETARY JUDGMENT

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), the Telemarketing and

Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 -6108, and

Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b).  The Commission,

the Receiver, Defendants Strategic Student Solutions LLC, Strategic Credit Solutions LLC,

Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief Center LLC,

Credit Relief Center LLC, and Dave Green ("Defendants") and Relief Defendant DG Investment

Properties LLC ("Relief Defendant") stipulate to the entry of this Stipulated Order for Permanent

Page 1 of 29

Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them. The Receiver is entering into this Order on behalf of Corporate Defendants based upon the powers granted to him under the Stipulated Preliminary Injunction (ECF No. 42). The Receiver notes that Corporate Defendants and Relief Defendant are not currently represented by counsel.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and violated the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j in connection with the marketing and sale of student loan debt relief and credit repair services, and that Relief Defendant has received funds that are traceable to funds obtained from the unlawful acts and practices at issue and has no legitimate claim to the funds.

3.      Defendants and Relief Defendant neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants and Relief Defendant admit the facts necessary to establish jurisdiction.

4.      Defendants and Relief Defendant waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Relief Defendant waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Assisting others"** includes:

    1. performing customer service functions, including receiving or responding to consumer complaints;

    2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    4. providing names of, or assisting in the generation of, potential customers;

    5. performing marketing, billing, or payment services of any kind; or

    6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Credit repair product or service"** means any product, service, plan, or program represented, expressly or by implication, to improve any consumer's credit record, credit history, or credit rating; or provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

C.    **"Defendants"** means the Individual Defendant and all of the Corporate Defendants,

individually, collectively, or in any combination.

    1.    "**Corporate Defendants**" means Strategic Student Solutions LLC, Strategic Credit

Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief

Center LLC, and Credit Relief Center LLC, and their successors and assigns.

    2.    **"Individual Defendant"** means Dave Green.

D.    **"Financial product or service"** means any product, service, plan, or program

represented, expressly or by implication, to:

    1.    provide any consumer, arrange for any consumer to receive, or assist any

consumer in receiving, a loan or other extension of credit;

    2.    provide any consumer, arrange for any consumer to receive, or assist any

consumer in receiving, credit, debit, or stored value cards;

    3.    improve, repair, or arrange to improve or repair, any consumer's credit record,

credit history, or credit rating; or

    4.    provide advice or assistance to improve any consumer's credit record, credit

history, or credit rating.

E.    **"Person"** means any individual, group, unincorporated association, limited or general

partnership, corporation, or other business entity.

F.    **"Receiver"** means Charles H. Lichtman, Esq. and Isaac M. Marcushamer, Esq. of Berger

Singerman LLP, solely in their respective capacities as Receiver and Temporary Receiver, and

their agents and professionals, including Berger Singerman LLP.

G.    **"Relief Defendant"** means DG Investment Properties, LLC.

H.    **"Rental Property Entities"** means 18 Westgate LLC, 227 San Remo LLC, 4461 Squatter Home LLC, 4628 Concordia LLC, 4899 Tropical, LLC, 5819 Swordfish LLC, 1750 NW Land Trust, 7893 La Mirada LLC, and Clafy Holdings LLC, and includes the respective fee title owners of properties owned or controlled by them, Relief Defendant, and/or Individual Defendant, including but not limited to Renaissance Land Trust, 5819 Land Trust, 6300 Falls Land Trust, 8911 NW Land Trust, 2701 Riverside Land Trust, San Remo Land Trust, 14212 NE Land Trust, 17343 NW Land Trust, 4158 Inverrary Land Trust, 4461 Land Trust, 500 Islands Land Trust (a/k/a 500 Three Islands Land Trust), 4628 Concordia Land Trust, 18 Westgate Land Trust, 6009 Land Trust, 4899 Tropical Land Trust, 11152 W. Sample Land Trust, 5280 Gate Lake Land Trust, 5961 Falls Land Trust, 4109 Bellasol Circle Land Trust, 7355 Woodmont Land Trust, 2314 Johnson Street Land Trust, 1750 NW Land Trust.

I.    **"Secured or unsecured debt relief product or service"** means:

1.    With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.    negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the

amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    c.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

    d.    negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

    e.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

    f.    negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for a mortgage, loan, debt, or obligation.

    2.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a.    repay one or more unsecured loans, debts, or obligations; or

b.      combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

## ORDER

### I.  BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

### II.  BAN ON CREDIT REPAIR PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any credit repair product or service.

### III.  PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.  the terms or rates that are available for any loan or other extension of credit, including:

    1.  closing costs or other fees;

    2.  the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

    3.  the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

    4.  the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

    5.  the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

    6.  whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

    7.  that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.  that a consumer will receive legal representation; or

C.  any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.  PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund or the circumstances in which a full or partial refund will be granted to the consumer; or, if consumers cancel, their ability to participate in other programs or services intended to meet the same goal;

B.     that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.     the nature, expertise, position, or job title of any person who provides any product, service, plan, or program; or

D.     any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

Page 9 of 29

## V.    PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## VI.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of seventeen million, seven hundred and twenty nine thousand, four hundred and ninety three dollars ($17,729,493) is entered in favor of the Commission against Defendants and Relief Defendant, jointly and severally, except that Relief Defendant's portion of the judgment shall not exceed $2,977,845 as equitable monetary relief.

B.    In partial satisfaction of the judgment against Defendants and Relief Defendant:

     1.    All financial institutions holding accounts in the name of, on behalf of, or for the benefit of, any Corporate Defendant shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Receiver or his designated agent, all funds, if any, in such accounts, including, but not limited to:

a.   Within ten (10) business days of receipt of a copy of this Order, A&D Mortgage is ordered to transfer to the Receiver or his designated agent all funds in account number xxxx0013 in the name of Strategic Credit Solutions LLC/Dave Green;

b.   Within ten (10) business days of receipt of a copy of this Order, Applied Bank is ordered to transfer to the Receiver or his designated agent all funds, if any, in account number xxxx3387 in the name of Strategic Student Solutions LLC.

c.   Within ten (10) business days of receipt of a copy of this Order, Bank of America is ordered to transfer to the Receiver or his designated agent all funds, if any, in the following accounts:

   i.   account number xxxx1785 in the name of Strategic Credit Solutions LLC; and

   ii.   account number xxxx1772 in the name of Strategic Student Solutions LLC.

d.   Within ten (10) business days of receipt of a copy of this Order, Cynergy Data/Priority Payment is ordered to transfer to the Receiver or his designated agent all funds, if any, in account number xxxx3055 in the name of Strategic Doc Prep Solutions LLC.

e.   Within ten (10) business days of receipt of a copy of this Order, Francis David Corporation d/b/a Electronic Merchant Systems is ordered to transfer

to the Receiver or his designated agent all funds, if any, in account number xxxx6586 in the name of Strategic Student Solutions LLC.

f.    Within ten (10) business days of receipt of a copy of this Order, Global Client Solutions is ordered to transfer to the Receiver or his designated agent all funds, if any, in the following accounts:

    i.  account number xxxx0675 in the name of Strategic Debt Solutions LLC;

    ii.  account number xxxx1064 in the name of Strategic Student Solutions LLC;

    iii.  account number xxxx1088 in the name of Strategic Credit Solutions LLC; and

    iv.  account number xxxx2535 in the name of Strategic Credit Solutions LLC.

g.    Within ten (10) business days of receipt of a copy of this Order, Merrick Bank is ordered to transfer to the Receiver or his designated agent all funds, if any, in account number xxxx3055 in the name of Strategic Doc Prep Solutions LLC.

h.    Within ten (10) business days of receipt of a copy of this Order, PayMitCo is ordered to transfer to the Receiver or his designated agent all funds, if any, in the name of Strategic Student Solutions LLC.

    i.    Within ten (10) business days of receipt of a copy of this Order, TD Bank is ordered to transfer to the Receiver or his designated agent all funds, if any, in the following accounts:

      i.  account number xxxx4782 in the name of Strategic Student Solutions LLC;

      ii.  account number xxxx6890 in the name of Strategic Doc Prep Solutions LLC;

      iii.  account number xxxx8424 in the name of Credit Relief Center LLC;

      iv.  account number xxxx8432 in the name of Student Relief Center LLC;

      v.  account number xxxx8487 in the name of Strategic Debt Solutions LLC;

      vi.  account number xxxx4203 in the name of Strategic Credit Solutions LLC;

      vii.  account number xxxx0665 in the name of DG Investment Properties;

      viii.  account number xxxx2432 in the name of 4899 Tropical LLC;

      ix.  account number xxxx2854 in the name of Clafy Holdings LLC;

      x.  account number xxxx6890 in the name of 7893 La Mirada LLC;

      xi.  account number xxxx8101 in the name of 5819 Swordfish LLC;

      xii.  account number xxxx8250 in the name of 4628 Concordia LLC;

      xiii.  account number xxxx8268 in the name of 4461 Squatter Home LLC;

      xiv.  account number xxxx8276 in the name of 18 Westgate LLC; and

      xv.  account number xxxx8284 in the name of 227 San Remo LLC.

j.     Within ten (10) business days of receipt of a copy of this Order, Titanium Payments/ Esquire Bank is ordered to transfer to the Receiver or his designated agent all funds, if any, in account number xxxx5770 in the name of Strategic Doc Prep Solutions LLC.

k.    Within ten (10) business days of receipt of a copy of this Order, Vantiv (formerly known as Moneris) is ordered to transfer to the Receiver or his designated agent all funds, if any, in the following accounts:

    i.  account number xxxx2884 in the name of Strategic Doc Prep Solutions LLC; and

    ii.  account number xxxx5885 in the name of Strategic Credit Solutions LLC.

l.    Within ten (10) business days of receipt of a copy of this Order, Wells Fargo is ordered to transfer to the Receiver or its designated agent all funds, if any, in account number xxxx2700 in the name of Clafy Holdings LLC.

2.    All financial institutions holding accounts in the name of, on behalf of, or for the benefit of, Individual Defendant shall, within ten (10) business days from receipt of a copy of this Order, transfer to the Commission or its designated agent, all funds, if any, in such accounts, including, but not limited to:

a.    Within ten (10) business days of receipt of a copy of this Order, TD Ameritrade is ordered to transfer to the FTC or its designated agent all funds, if any, in the following accounts:

Page 14 of 29

    i.  account number xxxx5069 in the name of Liberty Education Services LLC;

    ii.  account number xxxx9594 in the name of Dave Green; and

    iii.  account number xxxx0871 in the name of Dominique Green.

b.  Within ten (10) business days of receipt of a copy of this Order, TD Bank is ordered to transfer to the FTC or its designated agent all funds, if any, in the following accounts:

    i.  account number xxxx8479 in the name of Strategic Support Solutions LLC;

    ii.  account number xxxx7898 in the name of Credit Security and Resource Centers LLC;

    iii.  account number xxxx7905 in the name of Credit Investment Services LLC;

    iv.  account number xxxx7921 in the name of Credit Zone LLC;

    v.  account number xxxx7939 in the name of Capitol Credit Sources LLC;

    vi.  account number xxxx7947 in the name of Credit Asset Solutions LLC;

    vii.  account number xxxx3652 in the name of Dave Green Inc.;

    viii.  account number xxxx1232 in the name of N. Green FL, UTMA; and

    ix.  account number xxxx1399 in the name of T. Green FL, UTMA.

c.  Within ten (10) business days of receipt of a copy of this Order, First Global Bank in Jamaica is ordered to transfer to the FTC or its designated agent all funds, if any, in the following accounts:

    i. account number xxxx3323 in the name of DG Call Sales Solutions; and

    ii. account number xxxx0057 in the name of Strategic DG Loans.

  d. Within ten (10) business days of receipt of a copy of this Order, Applied Bank is ordered to transfer to the FTC or its designated agent all funds, if any, in account number xxxx7022 in the name of Dave Green.

3. Within seven (7) days of the date of entry of this Order, Defendants, Relief Defendant, and Rental Property Entities shall cooperate fully and take such steps as the Receiver may require, including executing any documents and providing any necessary information, to cause the transfer to the Receiver, or to his qualified settlement fund, possession and legal and equitable title to the real property described below (collectively, "the Rental Properties"). The Receiver is authorized to pay any required taxes and documentary stamps as needed to effectuate the transfers contemplated by this Order. Following transfer of title and possession, the Receiver shall be responsible for all maintenance, utilities, taxes, homeowner's association fees, and all other expenses of any nature related to the Rental Properties and is authorized to pay all such expenses as they come due from the Receivership Estate, including from rental income and proceeds from sale(s) of one or more of the Rental Properties, or as may otherwise be necessary to maintain the Rental Properties. Defendants, Relief Defendant, and Rental Property Entities represent that there are no liens or encumbrances on the Rental Properties. Defendants, Relief Defendant, and Rental Property Entities shall not add any such encumbrances after signing this Order. The costs and expenses of transferring the Rental Properties shall be paid by the Receivership Estate without consideration of the source of funds used being related to the Rental Property so transferred. Defendants, Relief Defendant, and Rental Property Entities expressly

agree that the Rental Properties are not homestead property, and further hereby forever waive, release, discharge, and disclaim all right, title, and interest in the Rental Properties described in this sub-paragraph.   Until Defendants, Relief Defendant, and Rental Property Entities transfer title and possession of the Rental Properties, Defendants, Relief Defendant, and Rental Property Entities shall take no action to diminish the value of the Rental Properties, including any structures, fixtures, and appurtenances thereto.

This provision applies to the 22 Rental Properties transferred to the Receiver pursuant to the June 6, 2017 Agreed Order on Receiver's Emergency Verified Motion, which includes the following properties:

a.  1 Renaissance Way #304, Boynton Beach, FL 33426

b.  5819 Swordfish Ct., Tamarac, FL 33319

c.  6300 S Falls Cir., Dr. #109, Lauderhill, FL 33319

d.  8911 NW 28th Dr. #B, Coral Springs, FL 33065

e.  2701 Riverside Dr., #303-B, Coral Springs, FL 33065

f.  227 San Remo Blvd., N. Lauderdale, FL 33068

g.  14212 NE 4th Ave., Miami, FL 33161

h.  17343 NW 7th Ave. #710, Miami, FL 33169

i.  4158 Inverrary Dr. #503, Lauderhill, FL 33319

j.  4461 NW 59th Court, North Lauderdale, FL 33068

k.  500 Three Islands Blvd. #101, Hallandale Beach, FL 33009

l.  4628 Concordia Ln., Boynton Beach, FL 33426

m. 18 Westgate Ln. #18F, Boynton Beach, FL 33426

    n.  6009 NW 1st Street, Margate, FL 33063

    o.  4899 Tropical Gardens Dr., Boynton Beach, FL 33426

    p.  11152 W. Sample #11152, Coral Springs, FL 33065

    q.  5280 Gate Lake Road #5280, Tamarac, FL 33319

    r.  5961 S. Falls Circle Drive, #309, Lauderhill, FL 33319

    s.  4109 Bellasol Cir. #1114, Fort Myers, FL 33916

    t.  7355 Woodmont Terrace #102 Tamarac, FL 33321

    u.  2314 Johnson Street #24D, Hollywood, FL 33020

    v.  1750 NW 55th Ave. #203, Lauderhill, FL 33313

Defendants, Relief Defendant, and Rental Property Entities are ordered to fully and timely cooperate with the Receiver in the maintenance, rental, sale or other transfer of any of the Rental Properties, including executing any documents necessary to transfer title of such properties upon their sale. The Receiver reserves all rights with respect to claims against any Person who has lived in or received rental income from the Rental Properties to recover rental income, reimbursements for funds advanced or other out-of-pocket expenses incurred in respect of the maintenance, care, administration, sale, or listing for sale of the Rental Properties.

    4.    Within 7 days of entry of this Order, the Receiver shall assign all right, title, and interest to the non-interest bearing lien previously granted to the Receiver on the real property located at 8142 Banpo Bridge Way, Delray Beach, Florida 33446, pursuant to the Court Order dated June 6, 2017, as recorded in the records of Palm Beach County at OR BK 29170 PG 1306, to the Commission. The lien amount shall be $315,000. Defendants shall not challenge the lien or the assignment of the lien to the Commission.

C.    Upon payment and all other asset transfers, as set forth in Subsection B above, the remainder of the judgment is suspended, subject to the Subsections below.

D.    As set forth in Section VIII below, the Receiver is directed to liquidate assets held by the Receiver and, after satisfaction of any Court-authorized payments, transfer the remaining assets and net proceeds from the sale of these assets to the FTC.

E.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' and Relief Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1.    the Financial Statement of Individual Defendant Dave Green signed on May 25, 2017, including the attachment;

    2.    the Financial Statement of Strategic Student Solutions signed by Dave Green on June 8, 2017, including the attachments;

    3.    the Financial Statement of Individual Defendant Dave Green labeled "Attachment A" signed on July 11, 2017, including the attachments;

    4.    the Financial Statement of the Corporate Defendants labeled "Attachment B" signed by Dave Green on July 11, 2017, including the attachments; and

    5.    the Declaration of Dave Green regarding Supplemental Financial Disclosures signed by Dave Green, undated, including Attachments A-H.

F.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially

misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.     Defendants and Relief Defendant relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.     Defendants and Relief Defendant acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including

consumer redress and any attendant expenses for the administration of any redress fund.   If a
representative of the Commission decides that direct redress to consumers is wholly or partially
impracticable or money remains after redress is completed, the Commission may apply any
remaining money for such other equitable relief (including consumer information remedies) as it
determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any
money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.
Defendants and Relief Defendant have no right to challenge any actions the Commission or its
representatives may take pursuant to this Subsection.

M.      The asset freeze is modified to permit the payments and transfers identified in the
Monetary Judgment Section.   Upon completion of those payments and transfers, the asset freeze
is dissolved.

## VII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,
and attorneys, and all other persons in active concert or participation with any of them, who
receive actual notice of this Order, are permanently restrained and enjoined from directly or
indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently
administer consumer redress.   Defendants represent that they have provided this redress
information to the Commission.   If a representative of the Commission requests in writing any
information related to redress, Defendants must provide it, in the form prescribed by the
Commission, within 14 days.

B.      disclosing, using, or benefitting from customer information, including the name, address,

telephone number, email address, social security number, FSA ID, other identifying information,

or any data that enables access to a customer's account (including a student loan account, credit

card, bank account, or other financial account), that any Defendant obtained prior to entry of this

Order in connection with the sale of student loan debt relief or credit repair services; and

C.      failing to destroy such customer information in all forms in their possession, custody, or

control within 30 days after receipt of written direction to do so from a representative of the

Commission.

Provided, however, that customer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by law, regulation, or court

order.

## VIII. TEMPORARY CONTINUATION AND TERMINATION OF RECEIVERSHIP

IT IS FURTHER ORDERED that the Receiver shall retain full receivership powers,

including but not limited to those powers set forth in the Stipulated Preliminary Injunction entered

by the Court in this matter on May 26, 2017, and including full liquidation powers.  Upon entry

of this Order, the Receiver shall liquidate all remaining receivership property and the Rental

Properties, and dispose of all remaining files, records, and computers.  The Receiver is directed

and given authority to take all necessary steps to oversee the sale of the Rental Properties,

including the authority to retain one or more real estate agents, to enter into a contract for the

private purchase and sale of each property, or to sell the Rental Properties in block sales, bulk

sales, or individually, or, if in the Receiver's business judgment, to sell the Rental Properties

(either individually, in blocks, or bulk sale) by way of public auction, to administer the sale

process, to maintain and preserve the Rental Properties in the interim, and to close the sale of each property. The Receiver is hereby expressly relieved from any obligations under 28 U.S.C. § 2001 or 28 U.S.C. § 2004. The Receiver is directed to wind up the Corporate Defendants and liquidate all assets within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause. Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall transfer to the FTC or its designated agent all remaining assets in the Receivership Estate and the proceeds of the sale of the Rental Properties remaining after payment of costs necessary for such sales.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants and Relief Defendant obtain acknowledgments of receipt of this Order:

A.     Each Defendant and Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current

Page 23 of 29

personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that

Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this

Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the

Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report,

sworn under penalty of perjury:

1.    Each Defendant must:  (a) identify the primary physical, postal, and email address and

telephone number, as designated points of contact, which representatives of the Commission may

use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their

names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the

activities of each business, including the goods and services offered, the means of advertising,

marketing, and sales, and the involvement of any other Defendant (which Individual Defendant

must describe if he knows or should know due to his own involvement); (d) describe in detail

whether and how that Defendant is in compliance with each Section of this Order; and (e) provide

a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously

submitted to the Commission.

2.    Additionally, Individual Defendant must:  (a) identify all telephone numbers and all

physical, postal, email and Internet addresses, including all residences; (b) identify all business

activities, including any business for which such Defendant performs services whether as an

employee or otherwise and any entity in which such Defendant has any ownership interest; and
(c) describe in detail such Defendant's involvement in each such business, including title, role,
responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Defendant must submit a compliance
notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the
structure of any Corporate Defendant or any entity that Defendant has any ownership interest in
or controls directly or indirectly that may affect compliance obligations arising under this Order,
including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate
that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant must report any change in: (a) name, including
aliases or fictitious name, or residence address; or (b) title or role in any business activity,
including any business for which such Defendant performs services whether as an employee or
otherwise and any entity in which such Defendant has any ownership interest, and identify the
name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy
petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14
days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of
perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I
declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.       Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Strategic Student Solutions, *et al.*, matter no. X170038.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.       accounting records showing the revenues from all goods or services sold;

B.       personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.       records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.       all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    a copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' and Relief

Defendant's compliance with this Order, including the financial representations upon which part

of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission,

each Defendant and Relief Defendant must:  submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions; and

produce documents for inspection and copying.  The Commission also authorized to obtain

discovery, without further leave of court, using any of the procedures prescribed by Federal Rules

of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly

with each Defendant and Relief Defendant.  Defendants and Relief Defendant must permit

representatives of the Commission to interview any employee or other person affiliated with any

Defendant who has agreed to such an interview.  The person interviewed may have counsel

present.

C.    The Commission may use all other lawful means, including posing, through its

representatives as consumers, suppliers, or other individuals or entities, to Defendants, Relief

Defendant, or any individual or entity affiliated with Defendants or Relief Defendant, without the

necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Commission, any consumer reporting

agency must furnish consumer reports concerning Individual Defendant, pursuant to Section

604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order.

SO ORDERED this 29 day of ____MAY____, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR THE FEDERAL TRADE COMMISSION:**

*Adam M. Wesolowski*   5/24/18

MIYA TANDON
(Florida Special Bar No. A5502005)
ADAM M. WESOLOWSKI
(Florida Special Bar No. A5502173)
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-10232
Washington, DC 20580
(202) 326-2351 (Tandon)
(202) 326-3068 (Wesolowski)
mtandon@ftc.gov
awesolowski@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR INDIVIDUAL DEFENDANT:**

Date: 4/3/18

Dave Green, *pro se*

**FOR CORPORATE DEFENDANTS Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Doc Prep Solutions LLC, Strategic Debt Solutions LLC, Student Relief Center LLC, and Credit Relief Center LLC and RELIEF DEFENDANT DG Investment Properties LLC:**

Date: 4-3-18

Gavin C. Gaukroger, Esq.
Counsel for the Receiver
Florida Bar No. 0076489
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 333014
Telephone: (954) 525-9900
ggaukroger@bergersingerman.com

Date: 4/3/18

Dave Green, as an officer of Corporate Defendants
Strategic Student Solutions LLC, Strategic Credit
Solutions LLC, Strategic Doc Prep Solutions LLC,
Strategic Debt Solutions LLC, Student Relief Center
LLC, and Credit Relief Center LLC, and Relief
Defendant DG Investment Properties LLC

Page 29 of 29