UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80619-CIV-DIMITROULEAS/SNOW

FEDERAL TRADE COMMISSION,

                Plaintiff,

vs.

STRATEGIC STUDENT SOLUTIONS LLC, a limited liability company, STRATEGIC CREDIT SOLUTIONS LLC, a limited liability company, STRATEGIC DEBT SOLUTIONS LLC, a limited liability company, STRATEGIC DOC PREP SOLUTIONS LLC, a limited liability company, STUDENT RELIEF CENTER LLC, a limited liability company, CREDIT RELIEF CENTER LLC, a limited liability company, and
DAVE GREEN, individually and as an officer of STRATEGIC STUDENT SOLUTIONS LLC, STRATEGIC CREDIT SOLUTIONS, LLC, STRATEGIC DEBT SOLUTIONS, LLC, STRATEGIC DOC PREP SOLUTIONS LLC, STUDENT RELIEF CENTER LLC, and CREDIT RELIEF CENTER LLC, and DG INVESTMENT PROPERTIES LLC,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Receiver's Final Status Report, Accounting, and Unopposed "Expedited" Motion to Approve (i) Wind Up the Receivership, (ii) Payment of Receiver's, Attorneys' and Accountants' Fees and Expenses From December 1, 2018 Through Present, (iii) Discharge of the Receiver's Bonds, (iv) Turnover of All Remaining Funds to the FTC, and (v) Discharge of Receiver from Any Further Duties (ECF No. 152), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation.  The Motion is ripe for consideration.

This is a consumer protection action brought by the Federal Trade Commission (FTC), based on allegations of fraud, against Defendant Dave Green and corporate entities in which he was involved.  On May 15, 2017, this Court entered its *Ex Parte* Temporary Restraining Order With Asset Freeze, Appointment of a Temporary Receiver, And Other Equitable Relief, And Order To Show Cause Why A Preliminary Injunction Should Not Issue. (ECF No. 10)  In that Order, the Court appointed Charles H. Lichtman as temporary receiver of the Corporate Defendants, and directed him to: assume full control of the Corporate Defendants; take exclusive custody, control and possession of assets and documents of the Corporate Defendants and preserve same; employ attorneys, accountants, appraisers and other independent contractors and technical specialists; make necessary payments; secure the locations where the Corporate Defendants operate; preserve websites operated by the Corporate Defendants; enter into contracts and purchase insurance as necessary; protect the interests of consumers who transacted business with the Corporate Defendants, and take on other related tasks, including the filing of reports with the Court.  Id. at 16-20.

The Court scheduled a hearing for May 26, 2017, on the issue of whether a preliminary injunction should be entered.  On that date, the parties stipulated to the entry of a preliminary injunction.  Defendant Green has agreed to grant a first lien position to the receivership estate in his alleged homestead and to stipulate that more than twenty residential properties purchased with corporate money would come under the control of the Receiver.  Approximately $2.1 million in funds have been frozen and some of these funds have been placed in the control of the Receiver.

The Receiver now seeks final fees in the total amount of $145,190.00 for himself and attorneys from the Berger Singerman law firm who were engaged by the Receiver to assist in accomplishing the tasks enumerated in the TRO and the preliminary injunction, for the time period of December 1, 2018, through July 15, 2019.  This represents a total of 321 hours of work, broken down as follows: 22.9 hours performed by the Receiver at the rate of $495.00 per hour (discounted from his usual rate of $695.00 per hour); 240.9 hours by Katherine Amador (partner) at the rate of

$485.00 per hour; 8.7 hours by Gavin Gaukroger (partner) at the hourly rate of $435.00; 5.4 hours by Phyllis Bean (of counsel) at the hourly rate of $575.00, and 43.1 hours by paralegals at the rate of $235.00 per hour. The Receiver also seeks costs in the amount of $19,375.23, and fees of the accounting firm of Fiske & Co. in the amount of $29,136.50 for 178.65 hours of work. The Receiver states that additional accounting work will be required in connection with the filing of corporate tax returns, and requests that $2,500.00 be held back to pay for this work.

In his Report, the Receiver describes in detail the tasks he and the attorneys performed to implement this Court's orders, including the sale of rental properties for approximately $1.9 million. The Receiver also has filed detailed billing statements corresponding to the work performed by him and by the Berger Singerman attorneys, together with costs and accounting fees incurred. (ECF No. 152-1) The FTC has filed no objection to the fee application. After a review of the billing statements, together with the Receiver's summary of the amount of work performed, the undersigned finds that the hourly rates charged are reasonable and the hours expended were necessary to achieve the results outlined in the Receiver's Report.

The Receiver also seeks an order: (1) approving the Receiver's Final Report and Accounting; (2) approving and confirming all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership Estate; (3) authorizing the Receiver to make payment of outstanding Receiver's and attorneys' fees and expenses, as well as accountants' fees; (4) permitting the destruction of all documents obtained by the Receiver, including purging electronically stored information, and authorizing the Receiver to donate to a charity or otherwise dispose of all personal property retained by the Receiver, including wiped computers; (5) directing that the Receiver, his agents, employees, attorneys, accountants, and representatives be discharged and relieved from all duties and responsibilities pertaining to the Receivership; (6) discharging the Receiver's bonds posted in this case; (7) deeming notice of the Final Report to be sufficient; (8) approving the retention of $2,500.00 to pay the accountants for the completion of the tax work, and (9) approving the turnover of all

remaining receivership funds to the FTC, and the closing of the Receivership bank account after payment of all professional fees.[1] The undersigned finds that the entry of this order is appropriate.

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Receiver's Unopposed "Expedited" Motion to Approve (i) Wind Up the Receivership, (ii) Payment of Receiver's, Attorneys' and Accountants' Fees and Expenses From December 1, 2018 Through Present, (iii) Discharge of the Receiver's Bonds, (iv) Turnover of All Remaining Funds to the FTC, and (v) Discharge of Receiver from Any Further Duties (ECF No. 152) be GRANTED, and that the Court enter an Order:

(1) approving the Receiver's Final Report and Accounting;

(2) approving and confirming all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership Estate;

(3) authorizing the Receiver to make payment of outstanding Receiver's and attorneys' fees and expenses in the amount of $164,565.23, as well as accountants' fees in the amount of $29,136.50;

(4) permitting the destruction of all documents obtained by the Receiver, including purging electronically stored information, and authorizing the Receiver to donate to a charity or otherwise dispose of all personal property retained by the Receiver, including wiped computers;

(5) directing that the Receiver, his agents, employees, attorneys, accountants and representatives be discharged and relieved from all duties and responsibilities pertaining to the Receivership;

---

[1] The receiver states that he holds the sum of $3,258,536.47. Therefore, after subtracting the Receiver and attorneys fees and costs of $164,565.23, the accountants' fees of $29,136.50 and the future accountants' fees of $2,500, the remaining amount to be turned over to the FTC is $3,062,334.74.

4

(6) discharging the Receiver's bonds posted in this case;

(7) deeming notice of the Final Report to be sufficient;

(8) approving the retention of $2,500.00 to pay the accountants for the completion of the tax work, and

(9) approving the turnover of all remaining receivership funds to the FTC, and the closing of the Receivership bank account after payment of all professional fees.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 21st day of August, 2019.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record